IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE,** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:08-0256** |
| | ) | |
| **MARIAN VICTORIA COFFMAN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 17, 2008, the undersigned entered an Order stating findings and proposing how the funds which are the subject of this interpleader action should be paid. (Document No. 26.) The undersigned allowed a period of time for objections. Plaintiff and the Estate of Michael Pack objected (Document Nos. 27 and 28.), and the United States responded concurring in Plaintiff's objection (Document No. 29.). Having considered the objections and response of the parties, the undersigned modified the findings and proposals initially made concluding as follows in an Order filed on January 22, 2009 (Document No. 30.):

1. It is not the responsibility of the District Court to determine or assist in the negotiation of claims of the Defendants in this matter who provided medical services. Their claims are properly lodged and considered in other *fora* – Ms. Coffman's bankruptcy proceedings and in the administrations of the estates of those who died in the April 20, 2007, automobile accident. Mediation is therefore unnecessary.

2. Because Ms. Coffman is the insured under Plaintiff's automobile policy and is currently in bankruptcy, no amount which Plaintiff has paid into the Court may be distributed without the approval of Mr. Graham, Trustee of Ms. Coffman's Chapter 7 bankruptcy estate.

3. The amount which Plaintiff has paid into the Court should be distributed as follows: $50,000.00 to the Department of Veterans Affairs; $25,000 to the

> Estate of Michael Pack; and the remainder to Mr. Graham as Trustee of Ms. Coffman's Chapter 7 bankruptcy estate.

The undersigned again allowed a period of time for objections. An objection has been filed by Defendants Brandon Coffman, a minor, the Estate of Elizabeth Coffman and Marian Coffman by their counsel, Mr. Benny Jones. (Document No. 31.) The United States has filed a Response. (Document No. 32.) Defendants Brandon Coffman, a minor, the Estate of Elizabeth Coffman and Marian Coffman by their counsel, Mr. Benny Jones, object as follows:

5. The Court has failed to give any consideration to the claims of Brandon Coffman and the Estate of Kathelyn Elizabeth Coffman in the distribution Order dated January 22, 2009.
6. Fundamental fairness requires that all four claims be given full consideration with the limited amount of funds available to the four claims. Counsel for Brandon, the Estate of Kathelyn Elizabeth Coffman and Marian does not dispute the $25,000 Court award to the Estate of Michael Pack, however, Counsel is at a total loss for the reason that the Court failed to award an equal amount to the Estate of Kathelyn Elizabeth Coffman who also left behind several loved ones in the form of natural parents and siblings. Likewise, Counsel is unable to understand the Courts reasoning that the substantial, serious and permanent injuries of the infant, Brandon Coffman is not being considered in any form to compensation for his permanent injuries along with pain and suffering.

\* \* \*

8. As Counsel for Brandon Coffman and the Estate of Kathelyn Elizabeth Coffman, the required duty of zealous representation strictly prohibits Counsel from recommending the proposed division in any manner since no award has been offered to these two claims, Furthermore, there can be no releases of these claims executed by the Guardian nor the Administrator or their Counsel without some fair compensation in light of the limited funds available.
9. Brandon Coffman is an infant . . .. Although Brandon Coffman has a legal Guardian and Counsel Benny G. Jones in this matter, the law requires that a Guardian Ad Litem be appointed for the infant.
10. Counsel Benny G. Jones has discussed the matter of the Guardian Ad Litem for Brandon Coffman with the Attorneys for the Veterans Administration, Liberty Mutual Insurance Company and the Estate of Michael Pack – all of whom agree that a Guardian Ad Litem must be appointed.

> 11. Counsel Benny G. Jones clearly understands and accepts the difficulty of this matter which is pending before this Court. However, Counsel has been involved in numerous Interpleaders in State and Federal Court for over 20 years involving insufficient funds and infant claims and the distribution has always been made with complete and full consideration of all claimants in conjunction as to the extent of the injuries or death.

Defendants cite no authority in support of their objection. The Defendants request that the Court order the disbursement of the interpleader finds "in an equal amount of $25,000.00 to each of the four claimants along with the applicable interest and that a Guardian Ad Litem be appointed for Brandon Coffman or in the alternative a hearing be set so that all interested parties would have ample opportunity to fully present each of the four claims to the Court." The United States responds indicating no objection to the appointment of a guardian *ad litem* for Brandon Coffman.

Appointment of a guardian *ad litem* is discretionary and unnecessary in this matter. Federal Rule of Civil Procedure 17(c) provides as follows:

> Whenever an infant or incompetent person has a representative such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend in behalf of the infant or incompetent person, An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Thus, the District Court is required to appoint a guardian *ad litem* only when an infant is "not otherwise represented in an action . . .."[1] Under these circumstances, "a district court need not even consider the question whether a guardian ad litem should be appointed. Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child

---

[1] West Virginia Rule of Civil Procedure 17(c) is worded differently but is procedurally the same as Federal Rule of Civil Procedure 17(c) insofar as it requires appointment of a guardian ad litem only when and infant is "not otherwise represented in an action . . .."

3

there is no inherent conflict of interest. * * * Where it is evident that a conflict of interest exists between the parent and the minor, however, the district court has a duty to determine whether a guardian ad litem is needed." Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001)(citations and quotations omitted.); see also Seibels, Bruce & Company v. Nicke, 168 F.R.D. 542, 543 - 544 (M.D.N.C. 1996)(Eliason, M.J.). When it is within the District Court's discretion to appoint a guardian *ad litem*, the District Court may consider whether doing so will "dramatically increase costs and diminish the recovery to all others." Seibels, Bruce & Company v. Nicke, 168 F.R.D. at 544, fn. 4. In this case, Brandon Coffman, a minor, is represented as a party by his mother and natural guardian, Marian Coffman, and an attorney, Mr. Jones. See Answer of Defendants, Marian Coffman, Individually and as Personal Representative of the Estate of Katelyn Elizabeth Coffman, Deceased and the Next Friend and Guardian of Brandon Coffman, a Minor to the Complaint in Interpleader and Declaratory Relief (Document No. 21, pp. 1 - 4.) Brandon Coffman's mother and natural guardian is a party to this action and there is no allegation or indication that a conflict of interest exists between her and Brandon Coffman. Additionally, the appointment of a guardian *ad litem*, usually if not always an attorney, will necessitate the compensation of the guardian *ad litem* from the interpleader funds significantly reducing those funds when they would otherwise no doubt ultimately be paid in reimbursement of the costs and expenses of the medical services which Brandon Coffman has received.[2] The undersigned will therefore propose that the District Court

---

[2] Katelyn Coffman died in the April 20, 2007, automobile accident. Plaintiff paid $5,000, the medical expenses limit under the policy, to Marian Coffman to cover the costs and expenses of Southern Utah Mortuary with respect to Katelyn Coffman. *See* Plaintiff's Complaint, ¶ 35 and Exhibit D, a copy of which is attached to the United States' Notice of Removal (Document No. 1.). Brandon Coffman was very seriously injured in the automobile accident, and his medical expenses are well in excess of $100,000. *See* Plaintiff's Complaint, ¶ 36.

overrule the objection of Defendants Brandon Coffman, a minor, the Estate of Elizabeth Coffman and Marian Coffman by their counsel, Mr. Benny Jones, and deny their request that the District Court appoint a guardian *ad litem* (Document No. 31.)

Further considering the January 22, 2009, proposal, the undersigned finds in view of the objection of Defendants Brandon Coffman, a minor, the Estate of Elizabeth Coffman and Marian Coffman by their counsel, Mr. Benny Jones, that one further modification is in order. As stated above, the undersigned last proposed that $50,000 of the interpleader funds be paid to the Department of Veterans Affairs; $25,000 be paid to the Estate of Michael Pack; and the remainder to Mr. Graham as Trustee of Ms. Coffman's Chapter 7 bankruptcy estate. The Department of Veterans Affairs has a priority right of subrogation under 38 U.S.C. § 1729(b)(1) and paid well in excess of the $50,000 per person bodily injury limit for medical services provided to Marian Coffman. Payment of the $50,000 per person bodily injury policy limit to the Department of Veterans Affairs for medical services provided to Marian Coffman and paid for by the Department of Veterans Affairs completely satisfies Plaintiff's obligation under the policy to Marian Coffman. Payment of any further amount from the interpleader funds to her bankruptcy estate as the undersigned has proposed in the past would therefore not be in conformity with the terms of Plaintiff's policy as her claim to the interpleader funds will be satisfied by the payment to the Department of Veterans Affairs. It is in conformity with the Plaintiff's policy to order payment of interpleader funds to Marian Coffman in her roles as Guardian of Brandon Coffman and personal representative of the Estate of Katelyn Coffman. Accordingly, the undersigned will propose that the District Court order that the interpleader funds be distributed as follows:

>$50,000 to the Department of Veterans Affairs; $25,000 to JoAnn Pack, Administrator of the Estate of Michael Pack; and the remainder to Marian Coffman, Guardian of Brandon Coffman and Administrator of the Estate of Katelyn Coffman.

No amount should be paid to Mr. Graham as Trustee of Ms. Coffman's Chapter 7 bankruptcy estate. Distribution of the interpleader funds in this manner is in conformity with Plaintiff's policy of insurance and applicable law and in consideration of an understanding between the parties as it was reached apparently without consideration for the interest asserted herein by the Department of Veterans Affairs.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and conclusions and **RECOMMENDS** that the District Court **OVERRULE** the objection of Defendants Brandon Coffman, a minor, the Estate of Elizabeth Coffman and Marian Coffman by their counsel, Mr. Benny Jones, and **DENY** their request that the District Court appoint a guardian *ad litem* (Document No. 31.) and **ORDER** that the interpleader funds be distributed as follows:

>$50,000 to the Department of Veterans Affairs; $25,000 to JoAnn Pack, Administrator of the Estate of Michael Pack; and the remainder to Marian Coffman, Guardian of Brandon Coffman and personal representative of the Estate of Katelyn Coffman.

The undersigned further recommends that upon disbursement of the interpleader funds as recommended above, the District Court **DISMISS** this matter and remove it from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date

of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to send a copy of this Order to counsel of record, those parties which are unrepresented and Mr. H. Lynden Graham, Jr., Trustee of Ms. Coffman's Chapter 7 bankruptcy estate.

Date: February 2, 2009.

R. Clarke VanDervort
United States Magistrate Judge