IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

           Plaintiff,

v.                                                                                            CIVIL ACTION NO. 5:08-cv-00256

MARIAN VICTORIA COFFMAN, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion to Voluntarily Dismiss Defendant Southern Utah Mortuary, Inc. [Docket 22], Motion for Summary Judgment Against Defendants Appalachian Psychiatric Services and Douglas Schow, M.D. [Docket 23], and Motion for Default Judgment [Docket 24]. Plaintiffs filed the instant interpleader action in the Circuit Court of Raleigh County, West Virginia, on November 21, 2007. The United States, on behalf of the United States Department of Veterans Affairs Health Administration Center (VA), removed the case to this Court on April 15, 2008. On June 23, 2008, the Court held a status conference to address any outstanding issues, and subsequently referred the case to United States Magistrate Judge R. Clarke VanDervort for mediation. Thereafter, Plaintiff filed the instant motions.

In the Motion to Dismiss [Docket 22], Plaintiff represents that Southern Utah Mortuary received $5,000.00 as partial payment for funeral services rendered by it following the death of Katelyn Coffman, and that it seeks to be dismissed with prejudice. Accordingly, Plaintiff seeks an

order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure dismissing Southern Utah Mortuary with prejudice. Based on Plaintiff's representations and the Court's review of the record, Plaintiff's Motion to Dismiss [Docket 22] is **GRANTED**.

In Plaintiff's Motion for Summary Judgment [Docket 23], Plaintiff represents that Defendants Appalachian Psychiatric Services and Douglas Schow, M.D. waived their right to any claim to the interpleader funds. (Docket 25 at 2–3.) Based on that representation, Plaintiff seeks a judgment as a matter of law against those Defendants "dismissing the aforesaid defendants with prejudice." (Docket 23 at 2.) Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there exist factual issues that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *see also Pulliam Inv. Co., Inc. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322-23. Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. Here, Plaintiff has come forward with evidence that Appalachian Psychiatric Services and Douglas Schow, M.D. have waived any claims to the interpleader funds. There being no evidence in the record to refute that evidence and no objection by those Defendants, Plaintiff has shown that there is no genuine issue

of material fact and that it is entitled to a judgment as a matter of law. Thus, Plaintiff's Motion for Summary Judgment [Docket 23] is **GRANTED**.

As to the Motion for Default Judgment [Docket 24], Plaintiff seeks a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against those Defendants who did not file an answer. Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Clerk entered default against Defendants Eileen M. Booth, Ph.D., Fillmore Community Medical Center, First Professional Services Corporation, Healthcare Alliance, Inc., Intermountain Healthcare, Peak Otolaryngology, Pediatric Radiology, P.C., Raleigh Pathology Resources, Inc., Sheridan Healthcare of West Virginia, Inc., University of Utah School of Medicine Department of Pediatrics, Utah County Surgical Associates, P.C., and Utah Valley Radiology, PLLC, on March 6, 2009. Once default is entered by the Clerk, a party may apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). Plaintiff filed its motion on August 14, 2008, representing that the above-named Defendants have been served and that their claims have been discharged in Defendant Marian Victoria Coffman's bankruptcy proceeding, and contending that those Defendants are not entitled to any of the interpleader funds. Those Defendants having waived their right to defend or otherwise file a claim in the instant matter, the Court finds that they are not entitled to any of the interpleader funds and that default judgment is therefore appropriate. Accordingly, Plaintiff's Motion for Default Judgment [Docket 24] is **GRANTED**.

A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 6, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE