IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

          Plaintiff,

v.                                CIVIL ACTION NO. 5:08-cv-00256

MARIAN VICTORIA COFFMAN, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the joint Motion to Dismiss Praxair Healthcare Services, Inc. (Praxair) [Docket 40], the Proposed Findings and Recommendation (PF&R) of United States Magistrate Judge R. Clarke VanDervort [Docket 33], and Defendants Marian Coffman, Brandon Coffman, and the Estate of Katelyn Coffman's (collectively Defendants) Objections [Docket 35] thereto. The issues have been fully briefed, and the matter is now ripe for the Court's consideration.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Plaintiff Liberty Mutual Fire Insurance Co. filed the instant Complaint in Interpleader and Declaratory Relief in the Circuit Court of Raleigh County, West Virginia, on November 21, 2007, to determine the proper distribution of $100,000 in insurance proceeds to be paid in connection with an automobile accident that occurred in Fillmore, Utah, on April 20, 2007. The accident resulted in the deaths of Katelyn Coffman and Michael Pack and personal injuries requiring medical care sustained by Marian Coffman and Brandon Coffman. The United States, on behalf of the United

States Department of Veterans Affairs Health Administration Center (VA), removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) [Docket 1]. Thereafter, the Court held a status conference on June 23, 2008, ordered that the interpleader funds be transferred to the Clerk of the Court and deposited in the Court's registry fund, (Docket 16), and, with the consent of the parties, subsequently referred the case to Magistrate Judge VanDervort for mediation. (Docket 17.)

The following claims were submitted: Marian Coffman, Brandon Coffman, Katelyn Coffman, and Michael Pack in the amount of $25,000 each; Mountain West Anesthesia in the amount of $1,364.16; Raleigh General Hospital in the amount of $51,802.63; and the VA in the amount of $65,276.12. (Docket 26 at 1.) Upon review of the claims, Magistrate Judge VanDervort entered two separate Orders [Dockets 26 and 30] finding mediation to be unnecessary, recommending a distribution of the interpleader funds, and giving the parties a chance to object to the recommendation. After the parties objected, Magistrate Judge VanDervort filed a PF&R [Docket 33], finding that the VA has a priority right of subrogation pursuant to 38 U.S.C. § 1729(b)(1) and recommending that the Court deny Defendants' pending request for appointment of a guardian *ad litem*, and order that the interpleader funds be distributed in the amount of $50,000 to the VA; $25,000 to JoAnn Pack, Administrator of the Estate of Michael Pack; and the remainder to Defendants. (Docket 33 at 6.) Thereafter, the Court ordered that the action be referred nunc pro tunc July 23, 2008, to Magistrate Judge VanDervort for submission of a PF&R regarding the distribution of the interpleader funds. (Docket 34.)

## II. STANDARD OF REVIEW

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

2

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to the PF&R were due by February 20, 2009. Defendants timely filed their Objections [Docket 35] on February 17, 2009.

### III.  ANALYSIS

In their objections, Defendants take issue with a number of the magistrate judge's recommendations. First, Defendants contend that the recommended distribution is "arbitrary and capricious" inasmuch as it treats the claims of the Estates of Katelyn Coffman and Michael Pack differently. Second, Defendants maintain that the VA does not have a priority right of subrogation under 38 U.S.C. § 1729(b)(1). Third, Defendants assert that a guardian *ad litem* should be appointed to represent the claims of Brandon Coffman, an minor. Finally, Defendants state that a hearing is necessary to "approve or reject any attorney fee charged against [Brandon Coffman's] claim" and to allow the parties "to present their cases on the issue of damages and question witnesses under oath." (Docket 35 at 3.) Because the VA's right of subrogation affects the claims of other parties, the Court will address that issue first.

### A.  *VA's Right of Subrogation*

In the PF&R, Magistrate Judge VanDervort found that the VA "has a priority right of subrogation under 38 U.S.C. § 1729(b)(1) and paid well in excess of the $50,000 per person bodily

injury limit for medical services provided to Marian Coffman." (Docket 33 at 5.) He further found that payment in that amount would completely satisfy Plaintiff's obligation under the policy to Marian Coffman and would be in conformity with the policy limits. (*Id.*) Defendants assert that the VA's subrogation right merely "substitutes [the VA] in the place of Ms. Coffman" and should not be given priority over the claims of other Defendants. (Docket 35 at 2.)

> The relevant statutes provides that
>
> in any case in which a veteran is furnished care or services . . . the United States has the right to recover or collect reasonable charges for such care or services . . . from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States.

38 U.S.C. § 1729(a)(1). The statute further provides that "the United States shall be subrogated to any right or claim that the veteran (or the veteran's personal representative, successor, dependents, or survivors) may have against a third party." § 1729(b)(1). "Subrogation" is defined as "[t]he substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." *Black's Law Dictionary* 1194 (8th ed. 2005).

The statute does not provide, nor is the Court aware of any authority that stands for the proposition that the VA's subrogation right takes priority over other claims. Rather, given its ordinary meaning, "subrogation" means only that the VA is substituted for Marian Coffman in collecting any interpleader funds that may be distributed to her. It is not entitled, then, to take its share of the interpleader funds before the other Defendants. Accordingly, Defendants' objection on this issue is **SUSTAINED**.

### B. *"Arbitrary and Capricious" Treatment of Claims*

Defendants also object to the recommended distribution of $50,000 to the VA, $25,000 to the Estate of Michael Pack, and the remainder to Marian Coffman, Guardian of Brandon Coffman and Administrator of the Estate of Katelyn Coffman. Having already determined that the VA does not have a priority right to the proceeds, the Court is not obligated to distribute the $50,000 per person policy limits to the VA. Thus, the Court will reassess the proposed distribution in light of this determination.

The parties represented at the June 23, 2008, status conference, and have continued to represent at various points throughout the briefing of this matter, (*see, e.g.*, Docket 28 at 1–2), that the parties agreed to distribute the interpleader funds in equal shares among Defendants and the Estate of Michael Pack. Although Magistrate Judge VanDervort apparently purported to honor this wish in part by recommending that $25,000 be distributed to the Estate of Michael Pack, there is nothing in the record to indicate why the remainder should be divided between Brandon Coffman and the Estate of Katelyn Coffman without regard for the parties' agreement. Based on the evidence in the record and the representations of the parties, the financial losses sustained by each person involved in the accident are significantly in excess of the per-person policy limits. Thus, a distribution of the interpleader funds in an equal amount to Defendants and to the Estate of Michael Pack, with the VA entitled to subrogation as to the claim of Marian Coffman, is the fair and appropriate resolution in this case. Accordingly, Defendants' objection as to this issue is **SUSTAINED**, and the Court will order the distribution of the interpleader funds as noted above.

### C. *Appointment of a Guardian* Ad Litem

Defendants state that they agree with the magistrate judge that the appointment of a guardian *ad litem* is not mandatory in this case. Defendants nevertheless contend that "the customary and standard practice . . . has always been for the Court to appoint a Guardian *ad litem* for an infant with the cost of that appointment to be borne by the insurance carrier." (Docket 35 at 2.) By rule, "[t]he court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). In the instant case, as the magistrate judge correctly points out, Brandon Coffman's interests are adequately represented by his mother and natural guardian, Marian Coffman. (Docket 33 at 4.) Moreover, there is neither any evidence nor allegation of a conflict of interest between the interests of Marian Coffman and Brandon Coffman. Finally, this case is distinguishable from those cases in which a settlement is reached between the parties wherein the Court is called upon to appoint a guardian *ad litem* for any minors and then approve the settlement—the distribution here will be court-ordered and all parties' interests are adequately represented by the party himself or herself, their natural guardian, or the administrator of their estate. Thus, the appointment of a guardian *ad litem* is unnecessary in this case and Defendants' objection on this issue is accordingly **OVERRULED**.

### D. *Hearing*

Finally, Defendants state that "a bench trial will be necessary to develop an official record to dispose of" the remaining issues, and that "[c]ounsel further believes that the West Virginia State Bar Rules prohibit an attorney from charging a fee in an infant case unless the fee is approved by the Court." (Docket 35 at 3–4.) However, Defendants cite no authority for either proposition, and the Court is unaware of any rules requiring such a hearing. Moreover, Defendants' request for a

6

bench trial is undermined by their earlier suggestion that the interpleader funds be distributed in equal parts to Defendants and to the Estate of Michael Pack.

A review of the record reveals that there is no dispute as to the amount of each party's claim to the interpleader funds. Rather, because the sum of the claims far exceeds the policy limit of $100,000 per occurrence, the remaining issue is for the Court to determine the most fair and appropriate way to distribute the existing funds. Thus, an evidentiary hearing would serve little to no purpose in this case, as the Court has an ample record upon which to make its determination. To the extent that counsel requires the approval of the Court regarding the fee arrangement with a minor client, that issue is outside the scope of the instant PF&R. Should counsel require such approval, he may petition the Court pursuant to the appropriate rule or statute at a later date. Accordingly, Defendants' objection as to this issue is **OVERRULED**.

## *IV. CONCLUSION*

Based on the foregoing, Defendants' Objections [Docket 35] are **OVERRULED** as to the appointment of a guardian *ad litem* and the hearing requirement and **SUSTAINED** as to the VA's right to subrogation and proposed distribution. Accordingly, the Clerk is **DIRECTED** to distribute the interpleader funds as follows: $25,000 to the VA, which stands in for Marian Coffman pursuant to its subrogation right under 38 U.S.C. § 1729(b)(1); $25,000 to Brandon Coffman, c/o Marian Coffman; $25,000 to the Estate of Katelyn Coffman c/o Marian Coffman; and $25,000 to the Estatae of Michael Pack c/o JoAnn Pack. The Clerk is further **DIRECTED** to distribute any amounts exceeding the total amount of the above distributions *pro rata* according to the amount of the individual distributions. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     April 7, 2009

        _____
        THOMAS E. JOHNSTON
        UNITED STATES DISTRICT JUDGE